UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



February 3, 2021

W. James Nicoll, Esq.
Jenkins, Block & Associates, P.C.
1040 Park Avenue, Suite 100
Baltimore, MD 21201

Jennifer H. Stinnette, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

Subject: *Vera J. v. Saul*
Civil No. GLS 19-3110

**Amended Letter Opinion**

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 11, 12). The Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

**I.    BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits and a Title XVI Application for Supplemental Security Income Benefits on March 17, 2016, alleging that disability began on February 15, 2015. (Tr. 247-270). Plaintiff amended her alleged disability onset date at her hearing to July 2, 2016. (Tr. 12, 38, 281). This claim was initially denied on July 27, 2016, and upon reconsideration, denied again on December 22, 2016. (*Id.* at 76-77, 106-07). Plaintiff's request for a hearing was granted and the hearing was conducted on August 2, 2018, by an Administrative Law Judge ("ALJ"). (*Id.* at 9-34). On November 9, 2018, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id.* at 9-34). On September 13, 2019, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (*Id.* at 1-6).

## II.   ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country."  42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920.  *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015).  The steps used by the ALJ are as follows:  step one, assesses whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determines whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertains whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings").  If the first three steps are not conclusive, the ALJ assesses the claimant's RFC, i.e., the most the claimant could do despite their limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)).  At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work.  At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016).  If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled.  *Id*. at 180.

Here, the ALJ found that Plaintiff suffered from the following severe impairments: "a disc protrusion at L3-4, osteoarthritis of the knees, rheumatoid arthritis, obesity, Sjogren syndrome antibodies, depression, and a history of alcohol abuse."  (Tr. 14).  Recognizing those severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform medium work . . . except that she can never climb ladders/ropes/scaffolds or crawl; can occasionally climb ramps/stairs, balance, stop, kneel, and crouch; can understand, remember, and carry out simple instructions and make simple work-related decisions; can work at a consistent pace throughout the workday but not at a production-rate pace, such as [] on an assembly line or work involving monthly or hourly quotas; can tolerate occasional interaction with coworkers, supervisors and the public; and can tolerate occasional changes in work setting.

(Tr. 17). At the hearing, a vocational expert ("VE") initially testified that Plaintiff's past relevant work was as a cleaner, dispatcher, office manager, and license clerk. (Tr. 25, 60, 63-64). Upon cross examination, the VE changed her opinion and testified that Plaintiff's past work was as a commercial cleaner. (Tr. 69-73). The VE ultimately testified that a hypothetical individual with the same RFC as Plaintiff would be able to perform work as a cleaner. (*Id.* at 25, 63-64). The ALJ determined Plaintiff was not disabled, because she was able to perform her past work, as well as other work that exists in significant numbers in the national economy, e.g., as a commercial cleaner, hospital cleaner, and a hand packer. (*Id.* at 25-26).

### III.   DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ: (1) improperly classified Plaintiff's past work by failing to account for her composite position as a self-employed HVAC system cleaner; (2) failed to give proper weight to the mental capacity assessment prepared by Plaintiff's treating physician; and (3) failed to adequately account for Plaintiff's physical and mental limitations when determining Plaintiff's RFC. (ECF No. 11-1, pp. 8-17). I find Plaintiff's argument regarding the ALJ's failure to assign proper weight to the assessment prepared by her treating physician persuasive. Accordingly, I find remand appropriate, for the reasons set forth below.

Plaintiff argues that the ALJ failed to give proper weight to the mental capacity assessment prepared by Plaintiff's treating medical professional, Nurse Practitioner Carolyn Calleo. (ECF No. 11-1, pp. 13-14). Plaintiff asserts that the ALJ's stated rationale for according minimal weight to this assessment — that Nurse Practitioner Calleo "rendered her opinion after treating the [Plaintiff] for only 2 months," — is conclusory and fails to properly evaluate Calleo's medical opinion in accordance with the five-factor test set out in 20 C.F.R. §§ 404.1527(c)(1)-(6); 20 C.F.R. §§ 416.927(c)(1)-(6). (*Id.*, p. 14). In addition, Plaintiff appears to argue that Calleo's opinion should have been given "controlling weight." Specifically, Plaintiff contends that the medical evidence in the record supports Nurse Practitioner Calleo's assessment, however, the ALJ ignored evidence of Plaintiff's complaints of panic attacks, increased anxiety, flashbacks, difficulty concentrating, and increase in medication to treat her depression. (*Id.*) Moreover, the ALJ disregarded both the similarity between Plaintiff's treatment notes from her prior mental healthcare provider — Connections Arizona — and the assessment prepared by Nurse Practitioner Calleo. (*Id.*)

As a general matter, the opinion of treating medical professionals receive "more weight" under the Social Security regulations, because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairments, and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 416.927(c)(2)). Thus, a medical opinion from a "treating source" will be accorded controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 416.927(c)(2). When an ALJ does not assign controlling weight to a treating source's medical opinion, the ALJ should consider the following when determining the weight to give the opinion: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(2)-(6); 20 C.F.R. §§ 416.927(c)(2)-(6).

*Bailey v. Comm'r, Soc. Sec. Admin*, Case No. WMN 14-3238, 2015 WL 3874547, at *2 (D. Md. June 22, 2015), is instructive. In *Bailey*, the ALJ failed to properly assess the medical opinions issued by the Plaintiff's treating physician in accordance with the applicable Social Security regulations. *Id.* at *2. Specifically, the ALJ assigned "little weight" to the medical opinions of the Plaintiff's treating physician but omitted any discussion of the five factors that govern the appropriate weight to assign opinions of treating medical sources that are not given controlling weight. *Id.* (citing 20 C.F.R. § 416.927(c)). The ALJ also failed to examine whether these opinions were "supported by objective evidence" or whether they were "consistent with other substantial evidence in the record." *Id.* The *Bayley* court held that the ALJ's failure to provide an assessment of the relevant factors warranted remand. *Id.* Thus, Bailey stands for the proposition that an ALJ's assessment of the weight to assign a treating source's medical opinions must include analysis of the factors set out in 20 C.F.R. § 416.927(c).[1]

In this case, the ALJ assigned "little weight" to Nurse Practitioner Calleo's assessment of Plaintiff because she "rendered her opinion after treating the claimant for only 2 months." (Tr. 23). Although the ALJ's brief analysis considered the length of Plaintiff's treatment relationship with Ms. Calleo, it made no mention of the four other factors relevant to determining the appropriate weight to assign opinions of a treating medical source that do not receive controlling weight. *See* 20 C.F.R. §§ 404.1527(c)(2)-(6); 20 C.F.R. §§ 416.927(c)(2)-(6) ((2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion).

Similar to the ALJ in *Bailey*, the ALJ here considered only one of the five factors relevant to whether Nurse Practitioner Calleo's opinions were entitled to controlling weight — the duration of Plaintiff's treatment relationship with her treating medical source. Without any "meaningful analysis of a single other relevant factor," particularly whether there is any consistency between Nurse Practitioner Calleo's own treatment notes and the record as a whole, I cannot conclude that the ALJ's assignment of "little weight" to Nurse Practitioner Calleo's medical opinion is supported by substantial evidence. *Bailey*, 2015 WL 3874547, at *2. This is particularly so where the record contains evidence that appears to corroborate Nurse Practitioner Calleo's assessment of Plaintiff, including psychosocial evaluations from Connections Arizona noting that Plaintiff suffered from

---

[1] 20 C.F.R. § 416.927(c) applies to claims filed prior to March 27, 2017. 20 C.F.R. § 416.920c(c) applies to claims filed on or after March 27, 2017. Here, because Plaintiff filed her claim on March 17, 2016, 20 C.F.R § 416.927(c) governed the ALJ's assessment of the weight to accord the medical opinion of Plaintiff's treating source.

panic attacks and anxiety in October and November of 2016, (Tr. 581, 613), and Nurse Practitioner Calleo's treatment notes from May and June of 2018, (Tr. 703-726), stating that Plaintiff "presented with symptoms of depression that have been going on since 2003." (Tr. at 707).

The SSA relies on *Brown v. Astrue*, Case No. CBD 10-1238, 2013 WL 937549, at *5 (D. Md. Mar. 8, 2013), which is distinguishable from this case. In *Brown*, this Court rejected the Plaintiff's argument that the ALJ improperly accorded little weight to the medical assessment completed by the Plaintiff's treating physician. *Id.* The *Brown* court explained that a "formulaic application" of the factors established by 20 C.F.R § 416.927 "is not necessary so long as the ALJ is aware of and considers all of the factors." *Id.* Although the ALJ in *Brown* only discussed factors three, four, and five of the regulations, the Court determined that the ALJ's failure to discuss the first two factors did not require remand because they supported the ALJ's conclusion — where the Plaintiff's treating physician had only evaluated him once in the two months prior to completing his assessment. *Id.* Additionally, the ALJ explained that he accorded the medical assessment little weight because "it was not well-supported by medically acceptable clinical and diagnostic techniques" and "was inconsistent with other substantial medical evidence in [Plaintiff's] file." *Id.*

In this case, in contrast, the ALJ only discussed the length of Nurse Practitioner Calleo's treatment relationship with Plaintiff in determining the weight to accord Calleo's assessment, omitting application of the other four factors as well as any discussion of whether Calleo's assessment was consistent with other record evidence. The SSA counters that the ALJ's assignment of weight is supported by substantial evidence in the record because, throughout her opinion, the ALJ reviewed Plaintiff's medical history and treatment notes in great detail, "referring to a number of notations and findings that are clearly inconsistent with [Nurse Practitioner] Calleo's assessment." (ECF No. 12-1, p. 6). But this argument is inapposite, where, as here, the ALJ failed to connect the assignment of little weight to Nurse Practitioner Calleo's assessment "to any inconsistencies with the objective medical evidence." *Bailey*, 2015 WL 3874547, at *2. Therefore, I find that "the thoroughness of the ALJ's earlier summary of the objective evidence is irrelevant to the supportability of the ALJ's evaluation" of Nurse Practitioner Calleo's opinions. *Id.*

Absent any meaningful analysis of the factors relevant to determining the appropriate weight to accord Nurse Practitioner Calleo's medical opinion the Court cannot conclude that the error here was harmless. *See Jai P. v. Soc. Sec. Admin.*, Case No. JMC 18-785, 2018 WL 6622500, at *3 (D. Md. Dec. 18, 2018) (ALJ's failure to discuss treating physician's medical opinion and the weight given to it not harmless error).

Because this case is being remanded on other grounds, the Court will not address Plaintiff's remaining contentions that the ALJ improperly classified Plaintiff's past work and erroneously accounted for Plaintiff's physical and mental limitations when determining Plaintiff's RFC. (ECF No. 11-1, pp. 8-17).

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 11), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 12), is DENIED. The

*Vera J. v. Saul*
Civil No. GLS 19-3110
February 3, 2021
Page 6

case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge